## Case No. 16,804.

### The U. S. GRANT.

[7 Ben. 337.] [1]

District Court, E. D. New York. April, 1874.

Tug and Tow — Negligent Navigation — Ice — Admissions of Fault.

1. A tug took in tow a canal-boat loaded with coal, to tow her through Hell Gate. While so being towed, the canal-boat was run upon Flood

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

Rock and sunk. The owner of the coal libelled the tug to recover the damages sustained by it. It was claimed for the tug, that there was ice in the river which crowded between the canal-boat and the boat next to her, and forced her bows off, and she therefore touched the rock. It was also claimed that, as the tow approached Flood Rock, she got into a field of soft ice which prevented her steering, and she was carried by the current on the rock. There was evidence that the owner of the tug had admitted his liability, which he denied. But he had paid the owner of the canal-boat for his damages, taking from him a statement to be used against the owner of the cargo: Held, that the allegation of ice forcing itself between the boats was not made out, but, if it had been, it would have been negligence on the part of the tug to have proceeded with the tow in that condition.

[Cited in The M. J. Cummings, 18 Fed. 184.]

2. If there was such a field of mush ice, as was claimed, the tug should have waited till it passed, before attempting to go through the Gate, or should have taken the ice in such a way as to have kept her tow clear of the rock.

[Distinguished in The Gen. Wm. McCandless, Case No. 5,322.]

3. The tug might well be held liable upon the evidence of the admissions of the owner, coupled with the transaction between him and the owner of the canal-boat.

[Cited in The Hattie M. Spraker, 29 Fed. 459.]

In admiralty.

T. E. Stillman and R. D. Benedict, for libellant.

Beebe, Wilcox & Hobbs, for claimant.

BENEDICT, District Judge. This action is brought by Elisha A. Packer and others, the owners of a cargo of coal laden on board the canal-boat O'Rourke, to recover for its loss by reason of the sinking of the canal-boat while being towed through Hell Gate by the steamtug U. S. Grant.

The charge is that through carelessness on the part of those in charge of the tug, the canal-boat, in passing the Gate, was forced upon Flood Rock and so sunk, and the cargo lost.

The negligence imputed to the tug is failing to keep the proper channel in passing Flood Rock. The answer as an excuse sets up, that while passing through the Gate the tow encountered ice, which forced its way between the boat O'Rourke and the one alongside, and rendered the lines so that the bow of the O'Rourke was forced away and separated from the other boats, and therefore touched Flood Rock, without any negligence on the part of the tug.

The proofs show that the boat O'Rourke was sunk by her stern catching on Flood Rock, as the tow was passing the Gate; but the evidence wholly fails to show that the striking on the rock was caused by any such forcing off of the bow of the O'Rourke from the rest of the tow as is described in the answer. It affirmatively appears that the navigation of the tow was not impeded by any ice which forced itself between the O'Rourke and the boat alongside. But if any such accumulation of ice had occurred, as to prevent

the proper management of the tow, it would not have excused the tug, for in such case it would be clear negligence in the tug to attempt to pass the Gate while so impeded. Another excuse, not set up in the answer, may be noticed, which is that after passing Astoria the tow encountered a large field of broken or mush ice, which made it impossible for the tug to keep in the proper channel, and, although her helm was put hard a-port, it forced the tow upon Flood Rock. The evidence scarcely makes out the presence of any such field of ice, but, if such a field did appear, the tug should have waited off Astoria, as she might have done, and allowed the ice to pass her; or if not, then she should have taken the ice in such a way upon entering it as would enable her to keep the proper channel.

Various charges of fault on the O'Rourke are made, none of which are supported by the evidence. A conclusion against the tug is therefore easily arrived at, upon the evidence of the circumstances attending the accident.

A similar conclusion would be justified by the evidence respecting an admission, that the accident arose from negligence on the part of the tug, made by the owner of the tug. As a general thing I put very little reliance upon the admissions of fault which are so often proved in this class of cases. Here a peculiarity appears in this, that not only did the owner of the tug admit his liability to the owner of the O'Rourke, and to the owner of the coal, but it also appears that he afterwards paid the captain of the canal-boat for the loss of the boat, at the same time taking from him a written statement respecting the accident, calculated to be, and which has been, here used for the purpose of defeating the action brought by the owner of the coal. Such a transaction throws great suspicion upon the case of the tug, and would of itself go far to justify a decree against her upon this admission of her owner.

Let a decree be entered in favor of the libellant for his damages, with an order of reference to ascertain the amount of the loss.